# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA C. TAULBEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-18-52-G |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Plaintiff Lisa C. Taulbee brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Upon review of the administrative record (Doc. No. 12, hereinafter "R. _"),[1] and the arguments and authorities submitted by the parties, the Court reverses the Commissioner's decision and remands the case for further proceedings.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed her SSI application on February 19, 2015, ultimately alleging disability beginning May 4, 2015. R. 22, 42, 44, 186-191. Following denial of her application initially and on reconsideration, a hearing was held before an administrative

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

law judge ("ALJ") on August 31, 2016. R. 40-64, 80-98, 99-118, 121-24, 128-30. The ALJ issued an unfavorable decision on December 12, 2016. R. 19-34.

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since she had filed her application on February 19, 2015. R. 24. At step two, the ALJ determined that Plaintiff had the severe impairments of: diabetes mellitus, hypertension, degenerative disc disease, migraines, heart disorder, obesity, major depressive disorder, panic disorder, and generalized anxiety disorder. R. 24. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 24-25.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her medically determinable impairments. R. 26-32. The ALJ found:

> [Plaintiff] has the [RFC] to lift and carry 20 pounds occasionally and 10 pounds frequently. [Plaintiff] can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. [Plaintiff] can occasionally climb, balance, stoop, kneel, crouch, and crawl. [Plaintiff] is to avoid concentrated exposure to hazards, such as unprotected heights and heavy machinery. [Plaintiff] can understand, remember, and carry out simple, routine, and repetitive tasks. [Plaintiff] can relate to supervisors and co-workers on a superficial work basis. [Plaintiff] can respond to usual work situations. [Plaintiff] can have no contact with the general public.

R. 26. At step four, the ALJ found that Plaintiff had no past relevant work. R. 32.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education, work experience, and RFC—could perform. R. 32-33. Relying upon the testimony provided by

a vocational expert ("VE") regarding the degree of erosion to the unskilled light occupational base caused by Plaintiff's additional limitations, the ALJ concluded that Plaintiff could perform unskilled light occupations such as bakery worker, collator operator, or mail sorter, and that such occupations offer jobs that exist in significant numbers in the national economy. R. 33.

The ALJ therefore concluded that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant period. R. 33-34. Plaintiff's request for review by the SSA Appeals Council was denied, and the unfavorable determination of the ALJ stands as the Commissioner's final decision. *See* R. 1-7; 20 C.F.R. § 416.1481.

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner

3

followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In this action, Plaintiff contends that the ALJ improperly rejected the opinion of consulting psychologist Julie Wallace, PhD, and failed to explain the weight he afforded her medical opinion. *See* Pl.'s Br. (Doc. No. 16) at 8-11.

Plaintiff points to Dr. Wallace's Psychological Consultative Examination Report, R. 560-575 (Exhibit B13F), and specifically to Dr. Wallace's statement that "[Plaintiff] is likely to need additional instruction and supervision in performing work-related tasks. She often may not remember when tasks have been explained to her and she will need repetition in teaching." R. 565. The Commissioner responds that the ALJ was not required to weigh this statement because it does not "constitute a definitive limitation for the ALJ to weigh." Def.'s Br. (Doc. No. 19) at 11. The Commissioner contends that Dr. Wallace's use of the words "may" and "likely" rendered the statement too equivocal to constitute a "medical opinion" within the meaning of the Social Security regulations. *Id.*

It is the ALJ's duty to consider all the medical opinions in the record. *See* 20 C.F.R. § 416.927(b).[2] He or she must also discuss the weight assigned to medical opinions. *See id.* § 416.927(c); *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). The Tenth Circuit has explained that a "true medical opinion" is one that contains the medical

---

[2] The parties do not dispute that the ALJ considered Dr. Wallace's consultative examination report in his RFC discussion. *See* R. 29.

4

source's "judgment about the nature and severity of [the claimant's] . . . limitations, or any information about what activities [the claimant] could still perform." *Cowan v. Astrue*, 552 F.3d 1182, 1189 (10th Cir. 2008); *see Welch v. Colvin*, 566 F. App'x 691, 693-94 (10th Cir. 2014); *see also* 20 C.F.R. § 416.927(a)(1) (defining "medical opinion" as a statement "that reflect[s] judgments about the nature and severity of [a claimant's] impairment(s) . . . what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions").

Here, Dr. Wallace's statement that Plaintiff "often may not remember when tasks have been explained to her and [that] she will need repetition in teaching" reflects Dr. Wallace's judgment regarding the manner in which Plaintiff's impairments may limit Plaintiff's ability to perform work-related activities. R. 565. Similarly, Dr. Wallace's assessment that Plaintiff "is likely to need additional instruction and supervision in performing work-related tasks" reflects Dr. Wallace's judgment regarding a functional limitation caused by Plaintiff's impairments. As such, these statements clearly fall within the regulatory definition of a medical opinion to which an ALJ must assign weight. R. 565.

The Commissioner's argument that these statements are too equivocal to constitute medical opinions is unavailing. Because the statements reflect judgments about Plaintiff's functional limitations, they qualify as medical opinions. If the ALJ viewed the opinions as vague or equivocal, he could have stated as much as explanation for his rejection of the opinions. Here, however, the ALJ failed to articulate what weight he assigned Dr. Wallace's opinions or his reasons for that weight. *See Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (noting that where an ALJ "did not provide" the Commissioner's

5

proffered explanations, the court "may not create or adopt" such "post-hoc rationalizations to support the ALJ's decision").

Nor can the ALJ's failure to weigh Dr. Wallace's medical opinions be excused as harmless. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (explaining that the application of harmless error is appropriate only under "exceptional circumstance[s]," where "based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way"). The Tenth Circuit has explained that "an ALJ's failure to weigh a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity." *Mays v. Colvin*, 739 F.3d 569, 578-79 (10th Cir. 2014). Where there is no inconsistency, there is no prejudice to the Plaintiff. *See id.* Here, the ALJ's RFC assessment is inconsistent with the additional limitations expressed in Dr. Wallace's medical opinion. And the testimony provided by the VE at the hearing confirms that this exclusion was prejudicial to Plaintiff. The VE opined that an individual with Plaintiff's RFC would be unable to perform any jobs existing in significant numbers in the national economy if the limitations articulated by Dr. Wallace were added. R. 63 (VE stating that person with Plaintiff's RFC would be precluded from work if the person would also need "additional . . . instruction and supervision in performing work related task[s] and often may not remember when tasks have been explained to her and will need repeated repetition and teaching").

Accordingly, the Court finds that the ALJ erred in failing to weigh Dr. Wallace's medical opinion, that the error was not harmless, and that remand is therefore required.

CONCLUSION

The decision of the Commissioner is reversed and the case remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). A separate judgment shall be entered.

ENTERED this 29th day of March, 2019.

_____
CHARLES B. GOODWIN
United States District Judge